(Shearer, J. of second circuit, sitting in place of King, J.)

†Marcus Gitsky v. John T. Newton.

1. Collateral Attack as to the Constitutionality of an Act, not Allowed.

In a proceeding of forcible entry and detainer before a city judge, acting as such under a statute creating such office, the defendant cannot question the constitutionality of such act, as such judge is acting under a color of title, and hence, being a *de facto* officer, his authority cannot be questioned except by *quo warranto* at the suit of commonwealth.

---

†Affirmed by Supreme Court, without report, VI Ohio Legal News, 98; 60 O. S., 000.

Gitsky v. Newton.

### 2. TENANT CANNOT QUESTION LANDLORD'S TITLE.

> In a proceeding of forcible entry and detainer, the defendant has no right to question the title of the landlord, unless it is shown that he had parted with his title after beginning of the suit, or something of that sort.

ERROR to the Court of Common Pleas of Lucas county.

SHEARER, J.

The original action was in forcible detainer before a "judge and justice of the peace" of the city of Toledo—locally called a "city judge." Judgment was rendered in favor of the defendant in error, and affirmed in the court of common pleas. To reverse these judgments is the object of the present proceeding.

The grounds assigned for error, among others, are the overruling of a motion to quash the service of summons and a motion to dismiss the action for want of jurisdiction by reason of the alleged unconstitutionality of the act authorizing the election, in cities of the third grade, first class, of "judges and justices of the peace." sec. 621-1 *et seq.*, Rev. Stat., 93 O. L., 322. In other words, that the statute being invalid, the judge and justice of the peace (or city judge) had no legal existence nor power to hear and determine the cause.

This contention is disposed of adversely to plaintiff in error in State v. Gardiner, 54 O. S., 14, the syllabus of which case reads as follows:

"In a prosecution for offering a bribe to an officer, who is acting as such under a statute providing for the government of a municipal corporation, the defendant cannot question the constitutionality of such statute."

Gardiner was indicted for attempting to bribe one Hugill, who held the office of city commissioner of Akron. A demurrer was interposed to the indictment on the ground that the statute under which Hugill was acting was unconstitutional, and that, assuming the invalidity of the statute, the office had no existence in law or in fact, and there could be no officer *de facto* or *de jure*.

The court of common pleas sustained the demurrer, and this action was made a ground of exceptions in the Supreme Court, where the exceptions were sustained.

In the course of the concurring opinion Spear, J., says, quoting from Campbell v. The Commonwealth, 96 Pa. St., 344.

"The prisoner had been convicted in Fayette county of arson in burning a dwelling house and other buildings. Two associate judges, not learned in the law, but who had been elected by the people of the county and commissioned, sat with the president judge and participated in the trial and sentence. The validity of their title to the office, and hence of the composition of the court, was questioned on the ground that, under the constitution of 1874 and subsequent legislation, the people had no power to elect associate judges in Fayette county. It was held that they were judges *de facto*, and as against all parties but the commonwealth they were judges *de jure*, and having at least a colorable title to those offices their title thereto could not be questioned in any other form than by *quo warranto* at the suit of the commonwealth."—

So here, the city judge and justice of the peace had at least a colorable title to his office, and was an officer *de facto* was in possession of his office, performing its duties, and until he is in some direct way adjudged to be without authority, his official acts are to be regarded as valid. They can not be collaterally attacked.

The admission of certain testimony is the basis of one of the assignments of error. It tended to question the title of the landlord, defendant in error. This could not be allowed unless it were shown that the defendant in error had parted with his title, or the like, after suit was brought. It was not claimed that anything of the kind had taken place.

It is also asserted that the trial court erred in excusing one of the jurors summoned in the cause, without the consent and against the objection of plaintiff in error; but no prejudice appears to have resulted from such action.

Finding no error to the prejudice of the plaintiff in error, and the judgment will be affirmed.

*Moses G. Bloch*, for plaintiff in error.

*Kinney & Newton*, for defendant in error.